521 A.2d 989

Wade Plair, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs January 6, 1987, to President Judge CRUMLISH, JR., Judge DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Lester G. Nauhaus,* Public Defender, with him, *John H. Corbett, Jr.,* Chief-Appellate Division, and *Melaine Shannon Rothey,* Appellate Counsel, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE KALISH, March 3, 1987:

This is a petition for review of the denial of administrative relief from a decision of the Pennsylvania Board of Probation and Parole (Parole Board) which recommitted petitioner, Wade Plair, as a technical parole violator. We affirm.

Petitioner was paroled on September 27, 1985 from his sentence for third degree murder. Thereafter, he was arrested and charged with recklessly endangering another person and terroristic threats which he inflicted upon Francine Donald and her daughter Tamara Donald. These charges were dismissed after the victims failed to appear at city court for three different hearings.

On January 21, 1986, petitioner was charged with technical parole violations of which the Parole Board notified him and set a date for a hearing. Petitioner was charged for a violation of condition No. 5B which states, "[Y]ou shall refrain from owning or possessing any firearms or other weapons" and condition No. 5C which states, "[Y]ou shall refrain from any assaultive behavior."

At the hearing held on April 15, 1986, Tamara Donald testified that petitioner did not have a handgun and Francine Donald testified that a man in a car, whom she could not identify, may have fired two shots. However, two police officers testified, over objection, that they had been told by Tamara Donald that a gun had been used and placed to her head and that Francine Donald told them that petitioner took two shots at her with a handgun. The Parole Board found petitioner guilty of a parole violation and ordered petitioner recommitted.

Petitioner contends that the Commonwealth cannot impeach its own witnesses and that the witnesses' prior

inconsistent statements cannot be used as substantial evidence. Petitioner further contends that the Parole Board failed to give him adequate notice of the precise circumstances of the alleged violation.

Our scope of review is limited to a determination of whether the findings of the Parole Board are supported by substantial evidence, are in accordance with the law, and do not violate the parolee's constitutional rights. *Zazo v. Pennsylvania Board of Probation and Parole*, 80 Pa. Commonwealth Ct. 198, 470 A.2d 1135 (1984).

In *Commonwealth v. Brady*, 510 Pa. 123, 507 A.2d 66 (1986), the Pennsylvania Supreme Court reversed its prior position by deciding that prior inconsistent statements of a declarant who is a witness in a judicial proceeding and is available for cross-examination may be used as *substantive evidence* to prove the truth of the matters asserted therein. Before this decision, the prior inconsistent statement was allowed into evidence not as proof that a gun was used; it was only to be considered as a reason for disbelieving the in-court statement that a gun was not used.

Once the prior inconsistent statement is admitted into evidence as substantive evidence, resulting in a conflict of the witness' testimony, the fact finder has the duty of deciding which testimony to believe. Conflicts in testimony may or may not cause a fact finder to disbelieve all or some of the testimony of a witness. It is the fact finder who has the responsibility of deciding which testimony of a witness, in whole or in part, is truthful and accurate and is to be believed or disbelieved. After scrutinizing the totality of the testimony of the witness, the fact finder will give the witness' testimony such credibility as the fact finder thinks it deserves. *Commonwealth v. Tate*, 485 Pa. 180, 401 A.2d 353 (1979).

The mere existence of conflicts in the testimony does not mean that the fact finder is required to resort

to speculation which would cause the result to be based on conjecture or guesswork. *Commonwealth v. Duncan,* 473 Pa. 62, 373 A.2d 1051 (1977). The fact finder can take into consideration such factors as the relationship of the parties, motivation, and the circumstances as they existed at the time. As the Pennsylvania Supreme Court said in *Brady:*

> [T]he prior statement can be viewed as possessing superior indicia of reliability as it was rendered at a point in time closer to the event described . . . when memory will presumably be fresher and opportunity for fabrication lessened.

*Id.* at 130, 507 A.2d 66, 69. Similarly, in *Di Carlo v. United States,* 6 F.2d 364, (2d Cir. 1925), the U.S. Court of Appeals stated:

> The trier of fact may bring to bear his or her sensory observations, experience, common sense and logic upon the witness to assess credibility and to determine the truth and accuracy of both the out-of-court declarations and the in-court testimony.

The admissibility of a prior inconsistent statement does not depend on whether it is recorded, oral, or part of a report. These things may affect the weight of the evidence, but not the admissibility.

The notice that petitioner received was adequate, clear, and spelled out with particularity the alleged violation and the circumstances surrounding the violation. It specified the condition violated, and the time and place of the violation. It was clearly sufficient to enable petitioner to prepare a defense. *See* 37 Pa. Code §71.2.

Accordingly, we affirm the Parole Board.

### ORDER

Now, March 3, 1987, the decision of the Pennsylvania Board of Probation and Parole is affirmed.