538 A.2d 971

Jerome Ward, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs December 14, 1987, to Judges CRAIG, PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Charles J. Kroboth, Jr.,* for petitioner.

*Timothy P. Wile,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, March 7, 1988:

Jerome Ward (Petitioner) seeks review of a decision of the Pennsylvania Board of Probation and Parole (Board) which denied his request for administrative relief.

Petitioner was serving a three to ten year sentence for robbery with a concurrent one to three year sentence for criminal conspiracy. On February 14, 1982 Petitioner was paroled from these sentences. On August 31, 1982 Petitioner was arrested on several criminal charges.[1] He was convicted of these offenses on June 22, 1983.

---

[1] Petitioner was charged with two counts each of criminal conspiracy, possession of an instrument of crime generally, robbery and carrying a firearm on a public street.

On June 25, 1985, a full board violation and revocation hearing was held. As a result of this hearing, the Board issued an order recommitting Petitioner to serve eighteen months backtime as a technical parole violator (TPV) and sixty-six months backtime as a convicted parole violator (CPV) consecutively. On April 28, 1986, the Board modified its recommitment order reducing the TPV backtime to twelve months.[2]

Petitioner filed a request for administrative relief from the Board's order of April 28, 1986, which request was denied by the Board. Petitioner appealed the denial of administrative relief to the Commonwealth Court. In response to a motion by Petitioner, the Commonwealth Court remanded for a new hearing because of the unavailability of a complete record of the June 25, 1985 hearing.

A second full Board hearing was held on February 25, 1987. At this second hearing, Petitioner contested the allegation that he had violated condition 5A (abstention from the use of controlled substances). Parole agent Daniel Solla testified that at the June 25, 1985 hearing Petitioner had admitted to using drugs in violation of

---

[2] The June 25, 1985 order recommitted Petitioner to serve eighteen months backtime as a TPV for violating parole condition 5A (requiring Petitioner to abstain from the use of controlled substances) and parole condition 5B (requiring Petitioner to refrain from owning or possession of any firearm or weapon) in addition to backtime imposed upon the Petitioner as a CPV. On December 10, 1985 the Supreme Court of Pennsylvania decided *Rivenbark v. Pennsylvania Board of Probation and Parole,* 509 Pa. 248, 501 A.2d 1110 (1985), which held that a parolee can*not* be required to serve backtime as a TPV and backtime as a CPV on the basis of the same act constituting a new crime. Thus, on April 28, 1986 the Board issued an order modifying its order of June 25, 1985 by deleting the reference to the technical violation of condition 5B and removing the six months of TPV backtime which had been imposed for violating parole condition 5B.

parole condition 5A. Petitioner objected to this testimony.

Also, at this hearing, two laboratory urinalysis reports from Regional Clinical Laboratories were admitted into evidence to prove that Petitioner violated parole condition 5A. The lab reports contained the laboratory letterhead, were signed by a doctor, and were stamped positive. A copy of a service contract between the Board and Regional Clinical Laboratories was also admitted into evidence. The Petitioner objected to the admission into evidence of the two laboratory reports. The hearing examiner overruled the Petitioner's objection, stating that the laboratory reports met the requirements of *Powell*[3] and there was good cause to admit the reports. At the hearing evidence was also presented as to the Petitioner's adjustment while on parole. Parole Agent Solla testified that Petitioner tested positive for drugs on eleven other occasions. Petitioner objected. The Board overruled the Petitioner's objection, stating that Agent Solla's testimony was only being used to determine Petitioner's adjustment while on parole, not whether he had violated condition 5A.

On March 11, 1987, the Board recommitted Petitioner to serve eighteen months backtime as a TPV and his unexpired term (eighty-four months) as a CPV concurrently with his TPV backtime. The Board relied on both the parole agent's testimony and the two laboratory urinalysis reports in reaching its decision that the Petitioner committed a technical parole violation by violating condition 5A. Also, in its order the Board listed the following aggravating circumstances: "Early failure on parole. Serious multiple convictions. Overall poor parole adjustment. On parole for similar charges."

---

[3]The hearing examiner was referring to the case of *Powell v. Pennsylvania Board of Probation and Parole*, 100 Pa. Commonwealth Ct. 7, 513 A.2d 1139 (1986).

Petitioner filed a petition for administrative relief from the Board's order. The Board denied the petition and Petitioner appealed to this court.

Petitioner raises three issues on review:[4] (1) did the Board err in admitting into evidence Parole Agent Solla's testimony that Petitioner admitted to violating parole condition 5A at the first full Board hearing; (2) did the Board err in admitting into evidence the laboratory urinalysis reports and did the Board err in allowing Parole Agent Solla to refer to the results of other drug tests without those reports being properly admitted into evidence; and (3) was the backtime imposed by the Board excessive.

## ADMISSION OF PETITIONER'S PRIOR STATEMENT

We first address Petitioner's contention that the Board erred in allowing Parole Agent Solla to testify that Petitioner admitted to using drugs at the first full Board hearing. Petitioner argues that this evidence should have been excluded because the Board did not properly preserve the testimony from the first hearing.

We find this argument unpersuasive. It was not the transcript of the first Board hearing that was admitted into evidence at the second full Board hearing. It was the parole agent's testimony as to what the Petitioner said at the first full Board hearing that was admitted into evidence. Although the parole agent's testimony does constitute hearsay, this evidence is admissible under an exception to the hearsay rule.

---

[4] In reviewing an order of the Pennsylvania Board of Probation and Parole, our scope of review is limited to a determination of whether there has been an error of law, whether the Board's findings are supported by substantial evidence and whether any constitutional rights have been violated. *Kilpatrick v. Pennsylvania Board of Probation and Parole,* 104 Pa. Commonwealth Ct. 231, 521 A.2d 978 (1987).

In *Falasco v. Pennsylvania Board of Probation and Parole,* 104 Pa. Commonwealth Ct. 321, 521 A.2d 991 (1987), this court held that a parole agent's testimony that the parolee had admitted to moving to an unimproved residence (in violation of his parole) was admissible in a parole violation proceeding under the exception to the hearsay rule relating to admissions against interest by a party. Also, in *Plair v. Pennsylvania Board of Probation and Parole,* 104 Pa. Commonwealth Ct. 297, 300, 521 A.2d 989, 991 (1987), this court held that a prior inconsistent statement may be used in a parole revocation proceeding as substantial evidence of a violation of parole, stating that "[t]he admissibility of a prior inconsistent statement does not depend on whether it is recorded, oral or part of a report."

Petitioner also argues that by taking the position he was contesting the violation of condition 5A at the second full Board hearing he withdrew his prior admission. Petitioner maintains that using his prior admission against him is the equivalent of using a withdrawn guilty plea against a criminal defendant.

This argument is also unpersuasive. A parole revocation proceeding is not a criminal proceeding, but an administrative proceeding. *Rivenbark v. Pennsylvania Board of Probation and Parole,* 509 Pa. 248, 501 A.2d 1110 (1985). The purpose of a parole revocation proceeding is not to determine whether the parolee is guilty of any crime, but to determine whether the parolee has complied with the conditions of his parole. *Id.*

Moreover, in *Pitt v. Pennsylvania Board of Probation and Parole,* 97 Pa. Commonwealth Ct. 116, 508 A.2d 1314 (1986), we allowed an admission made by a party in a prior criminal proceeding to be used against him in a parole revocation proceeding. The parolee in *Pitt* admitted during the course of a criminal trial that he had been outside of the City of Philadelphia. This

statement was later used against him in a parole revocation proceeding in which it was in dispute whether the parolee violated the condition of his parole prohibiting him from leaving the city. Similarly, Petitioner in this case admitted in a prior hearing to actions which constituted a violation of a condition of his parole. This admission was later used against Petitioner in a revocation proceeding where it was in dispute whether Petitioner had violated that condition of parole.

Thus, we conclude that the Board did not err in permitting Parole Agent Solla to testify as to the admission Petitioner made at the first full Board hearing.

### ADMISSION OF LABORATORY REPORTS

Petitioner's second major contention is that the Board erred in admitting into evidence the two laboratory urinalysis reports. Petitioner contends that the two laboratory reports were inadmissible hearsay evidence and as such did not constitute substantial evidence to support the Board's finding of a violation of condition 5A.

At the time the second full board hearing was held, the regulations of the Board of Probation and Parole stated, in pertinent part: "In technical violation hearings . . . witnesses upon whose testimony the parole revocation would be based shall appear and be subject to examination by the parolee except when the Examiner finds on the record good cause for not allowing such confrontation." 37 Pa. Code 71.5(d). In this case, the Board found that there was good cause for admitting into evidence the laboratory reports.

In *Powell v. Pennsylvania Board of Probation and Parole,* 100 Pa. Commonwealth Ct. 7, 513 A.2d 1139 (1986), we stated that certain "indicia of reliability" must be present before a laboratory report can be admitted under the good cause exception. More specifical-

ly, the report should contain "[t]he letterhead of the approved laboratory, the signature of a known and responsible member of its staff *or* some other mark of reliability. . . ." *Id.* at 17, 513 A.2d at 1144 (emphasis added).

In *Damron v. Pennsylvania Board of Probation and Parole,* 109 Pa. Commonwealth Ct. 554, 531 A.2d 592 (1987), this court held that the requisite indicia of reliability were present where the laboratory urinalysis report contained the laboratory letterhead and was signed by the laboratory's pathologist director. In the case before us, the laboratory reports contain the laboratory letterhead and are signed by a doctor.[5] The laboratory reports are also stamped with the types of drugs found. Thus, we conclude that the indicia of reliability required by *Powell* are present.

Since the indicia of reliability required by *Powell* are present, we conclude that there is substantial evidence to support the Board's finding of good cause.[6]

The laboratory reports and Parole Agent Solla's testimony constitute substantial evidence for the Board's finding that Petitioner violated parole condition 5A. Therefore it is not necessary for us to address Petitioner's contention regarding Parole Agent Solla's testimony that Petitioner tested positive for drugs on other occasions.

---

[5] The laboratory reports were signed by Doctor Scanzello, The parole agent testified that Doctor Scanzello was the Toxicology Supervisor at Regional Clinical Laboratories. N.T. at 12.

[6] Petitioner argues that the board should have provided more explanation in support of its good cause finding. We disagree. The Board's regulations only required the hearing examiner to find good cause. *See* 37 Pa. Code 71.5(d). Also, in support of his statement that there was good cause, the hearing examiner did state that the reports met the requirements of *Powell.* Thus, the finding of good cause was based on the indicia of reliability present. There is nothing in *Powell* requiring the examiner to state what particular indicia of reliability are present as Petitioner would require.

BACKTIME

Finally, Petitioner contends that the backtimes imposed upon him as a TPV and a CPV were excessive.

In its regulations, the Board sets out presumptive ranges for various parole violations. *See* 37 Pa. Code §§75.2 and 75.4. This court will not interfere with the Board's discretion as long as the amount of backtime imposed by the Board is within the applicable presumptive range. *Congo v. Pennsylvania Board of Probation and Parole,* 104 Pa. Commonwealth Ct. 511, 522 A.2d 676 (1987). Where there are multiple offenses the Board may treat each offense separately and aggregate the presumptive ranges to arrive at an applicable presumptive range. *Corley v. Pennsylvania Board of Probation and Parole,* 83 Pa. Commonwealth Ct. 529, 478 A.2d 146 (1984). If the Board deviates from the presumptive range by imposing backtime in excess of the presumptive range, the Board is required to state in writing the aggravating circumstances present. *Krantz v. Pennsylvania Board of Probation and Parole,* 86 Pa. Commonwealth Ct. 38, 483 A.2d 1044 (1984). The aggravating circumstances found by the Board must be supported by substantial evidence. *Bandy v. Pennsylvania Board of Probation and Parole,* 108 Pa. Commonwealth Ct. 387, 530 A.2d 507 (1987).

In this case, Petitioner was recommitted to serve 18 months backtime as a TPV. This is in excess of the six to twelve month presumptive range for multiple violations of condition 5A. 37 Pa. Code §75.4. However, in its order, the Board stated the following aggravating circumstances: "Early failure on parole. Serious multiple convictions. Overall poor parole adjustment. On parole for similar charges."

We have carefully reviewed the record and conclude that there is substantial evidence to support the aggra-

vating circumstances found by the Board. Thus, we conclude that the 18 months backtime imposed upon Petitioner as a TPV was not excessive.

Petitioner was also recommitted to serve backtime equal to his unexpired term (84 months) as a convicted parole violator. Petitioner had been convicted of two counts of robbery, two counts of carrying a firearm on a public street, two counts of possession of an instrument of crime generally, and two counts of criminal conspiracy. The applicable presumptive ranges are: 24-40 months for each count of robbery; 18-24 months for each count of carrying a firearm on a public street; 6-12 months for each count of possession of an instrument of crime generally and 24-40 months for each count of criminal conspiracy as it relates to robbery. 37 Pa. Code §75.2. When the presumptive ranges for all eight counts are aggregated, the presumptive range is 144-232 months. Thus, the backtime imposed upon the Petitioner as a CPV was actually less than the presumptive range and therefore not excessive.

Accordingly, the decision of the Pennsylvania Board of Probation and Parole is affirmed.

### ORDER

AND NOW, March 7, 1988, the decision of the Pennsylvania Board of Probation and Parole in the above-captioned matter is affirmed.