# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Leon Woodard, : 
                 Petitioner : 
                 : 
        v. : No. 1305 C.D. 2019
                 : Submitted: August 14, 2020
Pennsylvania Board of Probation : 
and Parole, : 
            Respondent : 


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge[1]
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE J. ANDREW CROMPTON, Judge


*OPINION NOT REPORTED*


**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                      **FILED: March 24, 2021**


Petitioner Leon Woodard (Woodard), *pro se*, petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board).[2] The Board denied Woodard's petition for administrative review, in which he sought to challenge the Board's imposition of backtime and recalculation of his maximum sentence date following his recommitment as a convicted parole violator. For the reasons set forth below, we affirm the Board's order.

---

[1] This case was assigned to the opinion writer before January 4, 2021, when Judge Brobson became President Judge.

[2] Subsequent to the filing of the petition for review, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code (Parole Code), *as amended*, 61 Pa. C.S. §§ 6101, 6111(a).

In 2005, the Court of Common Pleas of Philadelphia County convicted Woodard of robbery and other related offenses and sentenced him to serve an aggregate prison term of 6 to 12 years with a minimum sentence date of April 29, 2013, and a maximum sentence date of April 29, 2019 (2005 sentence).[3] (C.R. at 1.) The Board granted Woodard parole and released him from confinement to a Community Corrections Center on May 18, 2015. (*Id.* at 4-6, 8.) Almost 3 years later, on January 2, 2018, the Upper Darby Township Police Department arrested Woodard and charged him with 3 counts of possession of a controlled substance with the intent to deliver (PWID) and other drug-related offenses, as well as operating a vehicle without a certificate of inspection. (*Id.* at 12-17, 19.) That same day, the Board issued a warrant to commit and detain Woodard. (*Id.* at 18.) Woodard did not post bail. (*Id.* at 51.) Woodard waived his right to both a detention hearing and counsel. (*Id.* at 22.) By decision dated February 25, 2018, the Board detained Woodard pending disposition of his new criminal charges. (*Id.* at 28.)

On July 24, 2018, Woodard pleaded guilty to 3 counts of PWID. (*Id.* at 29.) The Court of Common Pleas of Delaware County sentenced Woodard to serve 3 concurrent terms of incarceration—16 to 32 months for PWID-marijuana, 26 to 54 months for PWID-cocaine, and 26 to 54 months for PWID-heroin/fentanyl—followed by 4 years of probation. (*Id.*) The Board received official verification of Woodard's new criminal conviction on August 31, 2018. (*Id.* at 34.) Subsequent thereto, on September 10, 2018, the Board issued a notice of charges based upon Woodard's new criminal conviction, informing Woodard of his

___

[3] Following sentencing, Woodard was returned to the Board's custody to serve backtime on a prior conviction for which the Board had previously granted him parole. (Certified Record (C.R.) at 1.) As a result, Woodard's 2005 sentence was not effective until June 10, 2008, and his minimum and maximum sentence dates were adjusted to reflect both credit for the time that he was confined prior to sentencing and his availability to begin serving the 2005 sentence. (*Id.*)

2

upcoming parole revocation hearing scheduled for September 21, 2018. (*Id.*) Woodard waived his right to both a revocation hearing and counsel. (*Id.* at 33-35.) The Board thereafter prepared a hearing report, which was signed by a hearing examiner on September 28, 2018, and a Board member on September 29, 2018. (*Id.* at 42.) Subsequent thereto, by decision dated October 24, 2018, the Board recommitted Woodard as a convicted parole violator to serve his unexpired term of 3 years, 11 months, and 10 days. (*Id.* at 64.) In so doing, the Board denied Woodard credit for the time that he spent at liberty on parole, citing the following reason: "Felony drug charges. New state sentence." (*Id.* at 64-65.) The Board also recalculated Woodard's maximum sentence date as September 9, 2022.[4] (*Id.* at 62.)

Woodard filed a petition for administrative review with the Board, wherein he challenged the Board's imposition of backtime and recalculation of his maximum sentence date. (*Id.* at 70-76.) Specifically, Woodard contended: (1) the Board's imposition of 3 years, 11 months, and 10 days' backtime was excessive; (2) the Board abused its discretion by denying him credit for the time that he spent at liberty on parole; and (3) the Board deprived him of his constitutional right to due process. (*Id.* at 70-72.) The Board denied Woodard's petition for administrative review, reasoning:

> First, the Board recommitted you to serve your unexpired term of 3 years[,] 11 months[, and] 10 days for the offenses in question. The presumptive ranges assigned to these offenses are as follows, based on [Sections 75.1 to 75.2 of the Board's regulations,] 37 Pa. Code §§ 75.1-75.2:
>
> • [PWID]-Marijuana = 9 months to 15 months
> • [PWID]-Cocaine = 18 months to 24 months
> • [PWID]-Heroin = 24 months to 36 months

---

[4] In recalculating his maximum sentence date, the Board gave Woodard credit for the time that he was detained solely on the Board's detainer and not in connection with his new criminal charges—*i.e.*, 1 day from January 2, 2018, to January 3, 2018. (C.R. at 29, 62.)

Adding these terms together gave the Board a maximum term of 75 months. 37 Pa. Code § 75.2. Therefore[,] the decision for you to serve your unexpired term of 3 years[,] 11 months[, and] 10 days falls within the presumptive range and is not subject to challenge. *Smith v. [Pa. Bd.] of [Prob. &] Parole*, 574 A.2d 558 (Pa. 1990)[.]

Second, you were paroled at institution number HP7494 on May 18, 2015[,] with a maximum date of April 29, 2019, which left 1442 days remaining on your sentence. The Board's decision to recommit you as a convicted parole violator authorized the recalculation of your sentence to reflect that you receive no credit for the time you were at liberty on parole. [Section 6138(a)(2) of the Parole Code,] 61 Pa. C.S. § 6138(a)(2). In this case, the [B]oard did not award you credit for time at liberty on parole. This means you still had a total of 1442 days remaining on your sentence based on your recommitment.

On January 2, 2018[,] the Board lodged its detainer against you. On January [2], 2018[,] you were arrested for new criminal charges in the Court of Common Pleas of Delaware County at docket number 234-2018, and did not post bail. On July 24, 2018[,] you were sentenced to a state term of confinement.

Based on these facts, the [B]oard awarded backtime credit from January 2, 2018[,] to January 3, 2018 (1 day). Subtracting this 1 day means you now had a total of 1441 days remaining on your original sentence. [Section 6138(a)(5) of t]he . . . Parole Code provides that convicted parole violators who are paroled from a state correctional institution and then receive another sentence to be served in a state correctional institution must serve the original sentence first. 61 Pa. C.S. § 6138(a)(5). However, that provision does not take effect until the parolee is recommitted as a convicted parole violator. Thus, you did not become available to commence service of your original sentence until September 29, 2018, when the [B]oard made [its] decision.[5] Adding 1441 days to that date yields a new maximum sentence date of September 9, 2022.

(*Id.* at 89-90.)

---

[5] While the Board did not issue its written decision until October 24, 2018, as noted above, the Board's hearing report was signed by a hearing examiner on September 28, 2018, and a Board member on September 29, 2018.

4

Woodard filed a petition for review of the Board's decision with this Court. On appeal,[6] Woodard argues: (1) the Board's imposition of 3 years, 11 months, and 10 days' backtime was excessive because it exceeded the presumptive range; (2) the Board committed an error of law by failing to award him credit for the time that he spent at liberty on parole; and (3) the Board deprived him of his constitutional right to due process.

First, we will address Woodard's argument that the Board's imposition of 3 years, 11 months, and 10 days' backtime was excessive because it exceeded the maximum presumptive range by 11 months and 10 days. More specifically, Woodard contends that, even though he pleaded guilty to 3 separate offenses of PWID, he received only 1 conviction because the sentences associated with such offenses were imposed concurrently. Woodard, therefore, suggests that the Board should not have aggregated the presumptive ranges for PWID-marijuana, PWID-cocaine, and PWID-heroin. Rather, Woodard contends that the Board should have utilized the presumptive range for PWID-heroin only and should have imposed not more than 36 months' backtime. We disagree.

"The amount of backtime imposed for parole violations is left to the exclusive discretion of the Board." *Krantz v. Pa. Bd. of Prob. & Parole*, 483 A.2d 1044, 1048 (Pa. Cmwlth. 1984). In exercising its discretion, the Board utilizes presumptive ranges to determine the amount of backtime that a parolee will serve upon recommitment as a convicted parole violator. 37 Pa. Code § 75.1. "This [C]ourt will not interfere with the Board's discretion as long as the amount of backtime imposed by the Board is within the applicable presumptive range." *Ward v. Pa. Bd.*

[6] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. 2 Pa. C.S. § 704.

5

*of Prob. & Parole*, 538 A.2d 971, 975 (Pa. Cmwlth. 1988). "Where there are multiple offenses[,] the Board may treat each offense separately and [may] aggregate the presumptive ranges to arrive at an applicable presumptive range." *Id.*

Here, Woodard pleaded guilty to PWID-marijuana, PWID-cocaine, and PWID-heroin. The presumptive range for PWID-marijuana—a felony drug offense carrying a statutory maximum sentence of 5 years—is 9 months to 15 months. 37 Pa. Code § 75.2. The presumptive range for PWID-cocaine—a felony drug offense carrying a statutory maximum sentence of 10 years—is 18 months to 24 months. *Id.* The presumptive range for PWID-heroin—a felony drug offense carrying a statutory maximum sentence of 15 years—is 24 to 36 months. *Id.* Aggregating these presumptive ranges together, as it was permitted to do, the Board could have recommitted Woodard to serve a maximum term of 75 months' backtime. Thus, the Board's decision to recommit Woodard to serve his unexpired term of 3 years, 11 months, and 10 days—*i.e.*, 47 months and 10 days—was within the presumptive range and, therefore, was not excessive.

Next, we will address Woodard's argument that the Board erred by failing to award him credit for the time that he spent at liberty on parole. Woodard essentially argues that the Board abused its discretion by denying him credit because the Board did not articulate a sufficient contemporaneous statement to support its decision. In support of this argument, Woodard suggests that his situation is similar to *Marshall v. Pennsylvania Board of Probation and Parole*, 200 A.3d 643 (Pa. Cmwlth. 2018), because the Board's stated reason for denying him credit—*i.e.*,

6

"Felony drug charges. New state sentence"—is simply a restatement of the offenses for which he most recently pleaded guilty.[7] Again, we disagree.

When determining whether there has been an abuse of discretion, the Pennsylvania Supreme Court has held that "[a]n abuse of discretion is not merely an error of judgment, but occurs only where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will." *Zappala v. Brandolini Prop. Mgmt., Inc.*, 909 A.2d 1272, 1284 (Pa. 2006); *see also Moss v. SCI-Mahanoy Superintendent Pa. Bd. of Prob. & Parole*, 194 A.3d 1130, 1133 n.5 (Pa. Cmwlth. 2018), *appeal denied*, 215 A.3d 562 (Pa. 2019). Section 6138(a)(2.1) of the Parole Code sets forth guidelines for the Board's discretionary power in granting and denying credit for parole time and provides:

> The [B]oard may, in its discretion, award credit to a parolee recommitted under paragraph (2)[8] for the time spent at liberty on parole, unless any of the following apply:

---

[7] Alternatively, Woodard argues that the Board relied on incorrect and unsubstantiated information in making its decision to deny Woodard credit for the time that he spent at liberty on parole. In making this argument, Woodard references a statement contained within the Board's hearing report indicating that his overall adjustment under parole supervision was poor. (*See* C.R. at 37.) Stated another way, Woodard essentially contends that the Board's decision to deny him credit for time spent at liberty on parole is not supported by substantial evidence because the record reflects that, while on parole, he was employed, he was a full-time student, he completed a violence prevention program, and he had no periods of delinquency. (*See* C.R. at 21.) As explained more fully below, however, the Board's decision to deny Woodard credit for time spent at liberty on parole appears to be based, not on any alleged poor supervision history, but rather, on his multiple convictions and apparent recidivism.

[8] Section 6138(a)(2) of the Parole Code provides, in relevant part: "If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, *except as provided under paragraph (2.1)*, *shall be given no credit* for the time at liberty on parole." (Emphasis added.)

7

(i) The crime committed during the period of parole . . . is a crime of violence . . . or a crime requiring registration [as a sexual offender].

(ii) The parolee was recommitted under [S]ection 6143 [of the Parole Code, 61 Pa. C.S. § 6143,] (relating to early parole of inmates subject to Federal removal order).

61 Pa. C.S. § 6138(a)(2.1).

The Pennsylvania Supreme Court has held that, pursuant to Section 6138(a)(2.1) of the Parole Code, "the Board must provide a contemporaneous statement explaining its reason for denying a [convicted parole violator] credit for time spent at liberty on parole." *Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466, 475 (Pa. 2017). The Supreme Court specified, however, that a "single[-]sentence explanation" given by the Board explaining its decision "is likely sufficient in most instances" to meet the *Pittman* standard. *Id.* at 475 n.12. In fact, this Court has found several single-sentence explanations given by the Board for its decision to deny a convicted parole violator credit for time spent at liberty on parole sufficient to meet the *Pittman* standard. *See, e.g.*, *Tres v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 828 C.D. 2018, filed June 3, 2019), slip op. at 4 (holding Board's stated reason "arrested for a firearms charge" satisfied *Pittman* standard);[9] *Bleach v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 794 C.D. 2017, filed May 31, 2019), slip op. at 4 (holding Board's stated reason "[r]evoke street time due to second conviction (drugs) while on parole" satisfied *Pittman* standard); *Lawrence v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 1132 C.D. 2018, filed Apr. 12, 2019), slip op. at 5 (holding Board's stated reason "new conviction same/similar to the original offense" satisfied *Pittman* standard);

---

[9] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), an unreported panel decision issued by this Court after January 15, 2008, may be cited "for its persuasive value, but not as binding precedent."

8

*Smoak v. Talaber*, 193 A.3d 1160, 1164-65 (Pa. Cmwlth. 2018) (holding Board's stated reason of "unresolved drug and alcohol issues" satisfied *Pittman* standard).

This Court has also held, however, that a one-sentence explanation for the Board's decision to deny a convicted parole violator credit for time spent at liberty on parole failed to meet the *Pittman* standard. In *Marshall*, a convicted parole violator was originally sentenced and incarcerated for murder in the third degree and robbery. *Marshall*, 200 A.3d at 646. After being paroled, the convicted parole violator was arrested and convicted of a Delaware crime similar to the Pennsylvania crime of PWID. *Id.* at 646-47. The Board denied the convicted parole violator credit for his time spent at liberty on parole, stating only "felony drug[-]related crimes." *Id.* at 647, 650. On appeal, this Court held that the Board's reason to deny the convicted parole violator credit failed to satisfy the required *Pittman* standard, because "the Board's articulated reason simply restate[d] the conviction without an individual assessment of the facts surrounding [the parolee's] parole revocation." *Id.* at 651. In so doing, this Court reasoned:

> [T]he Board's reason for denying [the convicted parole violator] credit for time spent at liberty on parole consisted of four words: "felony drug[-]related crimes." Although the word "felony" connotes the severity of the offense, it remains unclear how a drug-related conviction warrants denying credit for almost [9] years of street time, which is more than the sentence [the convicted parole violator] received for his new conviction. Further, the phrase implies he committed multiple felony drug crimes when he was convicted of just one.

*Id.* at 650 (footnote omitted) (citation omitted). Ultimately, this Court remanded the case to the Board and ordered the Board to, "[a]t a minimum, . . . [give a] statement of reasons [that] accurately reflect[ed] the facts informing its decision." *Id.* at 652.

In this case, the Board's stated reason for denying Woodard credit for the time that he spent at liberty on parole was: "Felony drug charges. New state sentence."

9

(C.R. at 64-65.) At first glance, this stated reason may appear to violate this Court's decision in *Marshall*. The facts of this case, however, are distinguishable from the facts presented in *Marshall*. In *Marshall*, there was a clear discrepancy between the record—1 felony drug-related conviction—and the Board's stated reason for denying the convicted parole violator credit for the nearly 9 years that he spent at liberty on parole—"felony drug-related *crimes*"—that necessitated a remand to the Board. *Marshall*, 200 A.3d at 650-51; *see also Plummer v. Pa. Bd. of Prob. & Parole*, 216 A.3d 1207, 1212 (Pa. Cmwlth. 2019), *appeal denied*, 222 A.3d 1130 (Pa. 2020). Here, however, Woodard has not directed our attention to any similar discrepancies within the record that would necessitate a remand. The record reflects that Woodard was convicted of robbery and other related offenses in 2005. (C.R. at 1.) Prior to that time, Woodard had been incarcerated at a state correctional institution in connection with a separate state conviction. (*Id.*) Thus, the Board's stated reason—"Felony drug charges. New state sentence"—suggests that its decision was based upon Woodard's multiple convictions and Woodard's apparent recidivism while on parole. For these reasons, we cannot conclude that the Board abused its discretion by denying Woodard credit for the time that he spent at liberty on parole.

Lastly, we will address Woodard's argument that the Board deprived him of his constitutional right to due process because the Board's revocation hearing notice was inadequate. More specifically, Woodard contends that the Board should have provided him with notice that the issue of whether to award him credit for the time that he spent at liberty on parole would be considered at his revocation hearing or that, by waiving his right to a revocation hearing, he would also be waiving his

10

opportunity to present evidence as to why he should be given credit for the time that he spent at liberty on parole. We again disagree.

A parolee "has a vested liberty interest in the limited liberty offered by parole that cannot be taken away without affording the parolee minimal due process guarantees of prior notice and an opportunity to be heard." *Johnson v. Pa. Bd. of Prob. & Parole*, 532 A.2d 50, 52 (Pa. Cmwlth. 1987) (citing *Morrissey v. Brewer*, 408 U.S. 471 (1972)). There is not, however, any due process requirement that such notice (and/or corresponding waiver form) provide a parolee with specific detail as to each and every aspect of the revocation proceedings. Rather, Section 6138(a) of the Parole Code provides parolees with constructive notice that the Board will consider all aspects of parole revocation, including whether to award a parolee credit for the time that he/she spent at liberty on parole, at the time of the revocation proceedings. *See* 61 Pa. C.S. § 6138(a). Thus, the Board satisfied any due process requirements by providing Woodard with notice that it had scheduled a revocation hearing to determine whether the Board should revoke his parole and recommit him as a convicted parole violator. (*See* C.R. at 34-35.) For these reasons, we cannot conclude that the Board deprived Woodard of his constitutional right to due process under these circumstances.

Accordingly, we affirm the Board's order.

———————————————————
P. KEVIN BROBSON, Judge

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Leon Woodard,                  :
           Petitioner       :
                       :

          v.                :    No. 1305 C.D. 2019
                       :

Pennsylvania Board of Probation  :
and Parole,               :
           Respondent   :

# **O R D E R**

AND NOW, this 24th day of March, 2021, the order of the Pennsylvania Board of Probation and Parole is hereby AFFIRMED.

_____
P. KEVIN BROBSON, Judge
