IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| Bryant Green, | : | | |
| Petitioner | : | | |
| | : | | |
| v. | : | | |
| | : | | |
| Pennsylvania Parole Board, | : | No. 868 C.D. 2021 | |
| Respondent | : | Submitted: February 18, 2022 | |


BEFORE:   HONORABLE ANNE E. COVEY, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                    FILED: April 21, 2022


Bryant Green (Green) petitions this Court for review of the Pennsylvania Parole Board's (Board) June 29, 2021 order reversing in part and affirming in part the Board's decision mailed June 9, 2020.[1]  Green is represented by Montgomery County Assistant Public Defender Dana E. Greenspan, Esquire (Counsel), who has filed an Application for Leave to Withdraw Appearance (Application) and submitted a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) (*Turner* Letter),[2] in support thereof.  After review, this Court grants Counsel's Application and affirms the Board's order.

---

[1] The Board recalculated Green's maximum sentence release date by crediting him 12 days, from February 21 to March 5, 2017, because that period of confinement on the Board's warrant was not previously credited due to a clerical error.  The Board affirmed its decision in all other respects.

[2]       Through this type of letter, an attorney seeks to withdraw from representation of a parole violator because "the [violator's] case lacks merit, even if it is not so anemic as to be deemed wholly frivolous."  *Com*[*monwealth*] *v. Wrecks*, 931 A.2d 717, 722 (Pa. Super. 2007).

Green is currently incarcerated at the State Correctional Institution (SCI) at Phoenix.[3] On March 27, 2014, Green pled guilty to Manufacture, Delivery or Possession with Intent to Manufacture and Deliver a controlled substance (PWID), and Firearm not to be Carried without a License, and was sentenced to five to ten years of incarceration (Original Sentence). His Original Sentence maximum release date was October 27, 2021. On October 31, 2016, the Board paroled Green from his Original Sentence.

On July 12, 2018, Nether Providence Township police arrested Green on new criminal charges, and the Board lodged a detainer on July 23, 2018. In addition to his new arrest, the Board charged Green with two technical parole violations: change of approved residence without written permission of parole supervision staff, and failure to maintain regular contact with parole supervision staff. The Board originally scheduled Green's preliminary/detention hearing to address these matters for July 30, 2018, but rescheduled it due to Green being hospitalized.

---

Such letters are referred to by various names by courts of this Commonwealth. *See, e.g.*, *Commonwealth v. Porter*, . . . 728 A.2d 890, 893 [] n.2 ([Pa.] 1999) (referring to such a letter as a "'no merit' letter" and noting that such a letter is also commonly referred to as a "*Finley* letter," referring to the Superior Court case *Commonwealth v. Finley*, . . . 479 A.2d 568 ([Pa.] 1984)); *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) ("*Turner* [L]etter"); *Commonwealth v. Blackwell*, 936 A.2d 497, 499 (Pa. Super. [] 2007) ("*Turner/Finley* letter").

*Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 25 n.2 (Pa. Cmwlth. 2009).

*Anderson v. Pa. Bd. of Prob. & Parole*, 237 A.3d 1203, 1204 n.2 (Pa. Cmwlth. 2020).
  [3] *See* http://inmatelocator.cor.pa.gov (last visited Apr. 20, 2022).

On August 1, 2018, the Board notified Green that the preliminary/detention hearing would be conducted on August 6, 2018, and informed him of his right to counsel. At the August 6, 2018 preliminary/detention hearing, William Ruane, Esquire, represented Green, and Green signed a request that his preliminary/detention hearing be conducted before a panel. On September 7, 2018,[4] the Board detained Green pending disposition of the criminal charges, and stated that a parole violation panel hearing would be scheduled.

On October 31, 2018, the Board held the parole violation panel hearing, at which Counsel represented Green. By decision recorded on November 9, 2018, the Board referred to the Board's September 9, 2018 decision[5] to detain Green pending disposition of criminal charges in an SCI-Contracted County Jail, and recommitted Green as a technical parole violator (TPV) to a Community Correction Center (CCC)/Community Correction Facility (CCF)/Parole Violators Center for up to six months for violating the condition to report as instructed. The November 9, 2018 decision further stated that Green was to be automatically reparoled without further Board action upon successful completion of all recommended programs, however, that parole release would be subject to detainers. The Board recalculated Green's maximum sentence release date to February 20, 2022.

On January 22, 2020, the Delaware County Common Pleas Court (Common Pleas Court) convicted Green, under the name Joe R. Jenkins, of PWID, Possession of a Controlled Substance (Heroin), Fleeing or Attempting to Elude Officers, Recklessly Endangering Another Person (REAP), and Driving Under the Influence (DUI), and sentenced him to an aggregate term of 72 hours to 96 months of incarceration, followed by 2 years of probation, and imposed a $1,000.00 fine.

---

[4] September 7, 2018, is the date of the "Board's action." Certified Record (C.R.) at 89.
[5] September 9, 2018, is the date the "action" was "recorded." C.R. at 89.

3

After being notified of his parole revocation hearing, on February 5, 2020, Green requested that the parole revocation hearing be conducted by a panel. On March 5, 2020, the Board held the panel parole revocation hearing, at which Counsel again represented Green. Parole Agent Walter Spall (Parole Agent Spall) and Green testified at the hearing. The Certificate of Imposition of Judgment and Sentence from the Common Pleas Court was entered into evidence and Green acknowledged the conviction. Green confirmed that he had been in custody since July 2018, and arrived at SCI-Phoenix on January 31, 2020. Green testified as to his positive adjustment until his landlord stole all of his personal belongings. He further explained his frustration with his unsuccessful efforts to obtain any assistance from his parole agent with his problems. Green asserted that, if he had received help, he would not have returned to crime.

By decision recorded on June 9, 2020, and mailed on June 19, 2020, the Board modified the November 9, 2018 Board action by deleting the reparole portion and recommitted Green as a Convicted Parole Violator (CPV) to serve 30 months of backtime for the Delaware County convictions. The Board denied Green credit for his time at liberty on parole because his new conviction was the same or similar to his original offense. The Board recalculated Green's Original Sentence maximum release date to December 9, 2024.

On July 16, 2020, Green filed an administrative remedies form appealing from the Board's decision recorded on June 9, 2020, arguing that he received no credit for the time spent at liberty on parole, and that his due process rights were violated at his parole revocation hearing. On August 31, 2020, Green filed another administrative remedies form appealing from the Board's decision recorded on June 9, 2020, but re-sent to him on August 10, 2020. By letter received by the Board on March 15, 2021, Green requested the status of his appeals.

4

On June 29, 2021, the Board reversed the June 9, 2020 action regarding the Original Sentence maximum release date and modified it to reflect the correct Original Sentence maximum release date of November 27, 2024, and affirmed it in all other respects. Green appealed to this Court.

By August 5, 2021 Order, this Court appointed the Montgomery County Public Defender to represent Green. On August 10, 2021, Counsel entered her appearance on Green's behalf. On October 20, 2021, Counsel filed the Application and the *Turner* Letter in support thereof. By October 25, 2021 Order (Order), this Court informed Green that he may, within 30 days after service of the Order on him by Counsel, either obtain substitute counsel at his own expense and have new counsel enter an appearance and file a brief in support of the Petition for Review (Petition), or file a brief on his own behalf.[6]

Before addressing the validity of Green's substantive arguments, this Court must assess the adequacy of Counsel's *Turner* Letter. This Court has explained:

> "A [*Turner*] [L]etter must include an explanation of 'the nature and extent of counsel's review and list each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless.'" *Seilhamer*[ *v. Pa. Bd. of Prob. & Parole*], 996 A.2d [40,] 43 [(Pa. Cmwlth. 2010)] (quoting *Turner*, 544 A.2d at 928) (some alterations omitted). As long as a *Turner* [L]etter satisfies these basic requirements, [this Court] may then review the soundness of a petitioner's request for relief. *Zerby*[ *v. Shanon*], 964 A.2d [956,] 960 (Pa. Cmwlth. 2009)]. However, if the *Turner* [L]etter fails on technical grounds, [this Court] must deny the request for leave to withdraw, without delving into the substance of the underlying petition for review, and may direct counsel

---

[6] Counsel also notified Green regarding the same in her *Turner* Letter. On October 28, 2021, Counsel served the Order on Green. Green did not obtain substitute counsel or file a brief with this Court.

> to file either an amended request for leave to withdraw or a brief on behalf of their client. *Id.*

*Anderson v. Pa. Bd. of Prob. & Parole*, 237 A.3d 1203, 1207 (Pa. Cmwlth. 2020).

Here, Counsel stated in her *Turner* Letter that she reviewed the Certified Record, examined the relevant case law and statutes, and consulted and corresponded with Green. Further, Counsel presented the procedural history of Green's case, set forth and addressed the issues Green raised in his administrative appeals, and concluded based on her exhaustive examination of the record and research that Green's sentence recalculation and due process violation claims had no merit. Accordingly, this Court concludes that Counsel complied with the procedural requirements for withdrawing from representation.

This Court will now conduct an independent review to determine the validity of Green's substantive arguments. Green presents three issues for this Court's review: (1) whether the Board violated Green's due process rights at his revocation hearing; (2) whether the Board violated the law by refusing to consider Green's mitigation evidence; and (3) whether the Board's reasons and rationale for its backtime assessment were false.[7]

Green argues that the Board violated his due process rights at his March 5, 2020 parole revocation hearing because Parole Agent Spall testified instead of his

---

[7] In his Petition for Review, Green includes the additional issue of whether the aggregate sentence is illegal, as the guideline, i.e., presumptive range, should have been 18-24 months. However, this issue was not raised in Green's administrative appeals. "It is well settled that 'issues not raised by a CPV before the [B]oard in an administrative appeal are waived for purposes of appellate review by this [C]ourt.' *McCaskill v. Pa. Bd. of Prob. & Parole*, . . . 631 A.2d 1092, 1094-95 ([Pa. Cmwlth.] 1993)." *Mesko v. Pa. Bd. of Prob. & Parole*, 245 A.3d 1174, 1179-80 (Pa. Cmwlth. 2021). Accordingly, Green waived that issue. Notwithstanding, because the Board is permitted to aggregate the presumptive of ranges for all convictions, the Board used the correct presumptive range. *See Ward v. Pa. Bd. of Prob. & Parole*, 538 A.2d 971, 975 (Pa. Cmwlth. 1988) ("Where there are multiple offenses[,] the Board may treat each offense separately and [may] aggregate the presumptive ranges to arrive at an applicable presumptive range.").

supervising parole agent, and the revocation panel did not give Green the opportunity to fully present, nor consider, his mitigation evidence.

Section 71.4 of the Board's Regulations provides, in relevant part:

The following procedures shall be followed before a parolee is recommitted as a [CPV]:

(1) A revocation hearing shall be held within 120 days from the date the Board received official verification of the plea of guilty or nolo contendere or of the guilty verdict at the highest trial court level . . . .

. . . .

(2) Prior to the revocation hearing, the parolee will be notified of the following:

(i) The right to a revocation hearing, the right to notice of the exact date and the right at the revocation hearing to be heard by a panel.

(ii) The right to retain counsel, the right to free counsel if unable to afford to retain counsel and the name and address of the public defender.

(iii) There is no penalty for requesting counsel.

(iv) **The right to speak**, **to have voluntary witnesses appear and to present documentary evidence**.

(v) **The purpose of the hearing is to determine whether to revoke parole and that if revocation is ordered**, **the parolee will receive no credit for time spent at liberty on parole**.[8]

---

[8] However, Section 6138(a)(2.1) of the Prisons and Parole Code (Parole Code) provided at that time:

The [B]oard may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:

(i) The crime committed during the period of parole or while delinquent on parole is a crime of violence . . . or a crime requiring registration . . . of sexual offenders[].

7

37 Pa. Code § 71.4 (emphasis added).

Further, Section 71.5(b) of the Board's Regulations states: "In hearings conducted under this chapter, documentary evidence and reports, including, but not limited to, depositions, written interrogatories, affidavits, laboratory reports, business records, **public records**, **official records** and letters rogatory, **may be utilized solely**, **if the panel** or examiner **is satisfied as to their authenticity**, **relevancy**, **accuracy**[,] **and reliability**." 37 Pa. Code § 71.5(b) (emphasis added).

Here, Green requested and received a panel revocation hearing, wherein Counsel represented him. Parole Agent Spall presented, and the Hearing Examiner admitted into the record, the "Delaware County Court of Common Pleas Certificate of Imposition of Judgment and Sentence[,] signed by the judge and sealed by the Judicial Support Office there[,]" evidencing Green's convictions. Certified Record (C.R.) at 113; Notes of Testimony Mar. 5, 2020 (N.T.) at 8. Further, Green acknowledged the convictions. *See* C.R. at 114; N.T. at 9. In addition, Green testified at length at the hearing, *see* C.R. at 114-122; N.T. at 10-17, describing why he believed he returned to crime, finally concluding:

> And I'm not saying that the Board put me back in a position that I went back to crime. What I'm saying to you is, I went to the Board for help, and I do believe that, if [the Board] ha[d] helped me more, I wouldn't have went back in the [sic] direction.

C.R. at 122; N.T. at 17. Because Green had notice of the proceedings and the opportunity to present evidence, fully participated in his revocation hearing, and

---

> (ii) The parolee was recommitted under [S]ection 6143 [of the Parole Code, 61 Pa.C.S. § 6143,] (relating to early parole of inmates subject to [f]ederal removal order).

*Former* 61 Pa.C.S. § 6138(a)(2.1).

8

acknowledged his convictions for which proof was entered into evidence, the Board did not violate Green's due process rights at his March 5, 2020 parole revocation hearing.

Green next argues that the Board violated the law by refusing to consider his mitigation evidence. Green specifically contends:

> At the March 5, 2020[] violation hearing, [Green] attempted to include mitigation evidence to the Board to consider in [its] fashioning a revocation sentence in this case. The [H]earing [E]xaminer stopped [Green's] testimony before he could finish, really even before he could get started. The [H]earing [E]xaminer made it abundantly clear during his interruption, that the things that [Green] wanted to say, would bear no weight with him with regard to the violation sentence.

Petition at 5. Contrary to Green's assertion, the March 5, 2020 hearing transcript reveals that Green explained at length, uninterrupted by the Hearing Examiner, what Green believed were his mitigating circumstances. *See* C.R. at 114-122; N.T. at 10-17.

> Relative to his paperwork, the following exchange transpired:
>
> [Counsel:] Is there anything you want to give the Board? Any of that paperwork about the work you were selling?
>
> [Green:] Yeah.
>
> HEARING EXAMINER: Well, if he has - if it's his business paperwork, he probably needs to keep it. I mean, I understand -.
>
> [Green]: Yeah.

C.R. at 120; N.T. at 16. It was not until the end of Green's testimony that the Hearing Examiner inquired:

> HEARING EXAMINER: Well, the [Board] can't do anything if it's the landlord's industry.

9

I mean, -

[Green]: It wasn't -.

HEARING EXAMINER: [I]t doesn't mean we weren't trying to help you. I mean, that's just the reality of it.

[Green]: I mean, somebody could've called the landlord on the phone and said, you know, you got all the parolee's stuff. Would you mind giving it back? Or something?

HEARING EXAMINER: I understand where you're coming from, [] Green. I get it.

C.R. at 113-114; N.T. at 16-17. Accordingly, the Board did not prevent Green from presenting, nor did it refuse to consider, Green's mitigation evidence.

Green further asserts that, pursuant to Sections 75.1(c) and 75.3(c) of the Board's Regulations, 37 Pa. Code §§ 75.1(c), 75.3(c), relating to CPVs and TPVs, respectively, the Board has the option to continue parole for a justified excuse, and the parolee has the right to submit evidence that will mitigate the assessment of backtime.

"The amount of backtime imposed for parole violations is left to the exclusive discretion of the Board." *Krantz v. Pa. Bd. of Prob. & Parole*, 483 A.2d 1044, 1048 (Pa. Cmwlth. 1984). "[P]resumptive ranges . . . structure [the Board's] discretion . . . ." *Id.* Section 75.1(c) of the Board's Regulations provides: "The Board may deviate from the presumptive range or determine that recommitment should not occur, provided written justification is given." 37 Pa. Code § 75.1(c). Section 75.3(c) of the Board's Regulations states: "The Board may deviate from the presumptive range or determine that recommitment should not occur provided sufficient written justification is given." 37 Pa. Code § 75.3(c). Here, Green testified at the hearing concerning what he believed were mitigating circumstances. Nonetheless, the Board recommitted Green as a CPV for his criminal convictions.

Clearly, the Board found no justification, nor was it required to, for not recommitting Green as a CPV, nor deviating from the presumptive range.

Lastly, Green argues that the Board's reasons and rationale for the backtime it imposed were false. Specifically, Green states that the reasons stated for his recommitment and backtime in the Board's June 9, 2020 decision are not supported by the record facts.

In its June 9, 2020 decision, the Board provided:

> EVIDENCE RELIED ON: PAROLE AGENT[']S TESTIMONY. ACKNOWLEDGEMENT OF CONVICTION. CERTIFIED COPY OF COURT RECORD PROVING CONVICTION. STATE EXHIBITS. ALL EXHIBITS IN STATE[']S EVIDENCE.
>
> REASON: NOT AMENABLE TO PAROLE SUPERVISION. CONVICTION IN A COURT OF RECORD ESTABLISHED. ADJUSTMENT UNDER SUPERVISION. DECLARED DELINQUENT BY THE BOARD. NEW CHARGES SERIOUS/ASSAULTIVE. CONSIDERED A THREAT TO THE SAFETY OF THE COMMUNITY.

C.R. at 156. The Board further declared:

> THE BOARD IN ITS[] DISCRETION DID NOT AWARD CREDIT TO [GREEN] FOR THE TIME SPENT AT LIBERTY ON PAROLE FOR THE FOLLOWING REASON(S):
>
> [GREEN] COMMITTED A NEW CONVICTION THAT IS THE SAME OR SIMILAR TO THE ORIGINAL OFFENSE THEREBY WARRANTING DENIAL OF CREDIT FOR TIME AT LIBERTY ON PAROLE.
>
> [GREEN] ABSCONDED WHILE ON PAROLE SUPERVISION THEREBY WARRANTING THE DENIAL OF CREDIT FOR TIME AT LIBERTY ON PAROLE.

C.R. at 157.

Green was convicted of PWID, Possession of a Controlled Substance (Heroin), Fleeing or Attempting to Elude Officers, REAP, and DUI. The Criminal Arrest and Disposition Report indicates:

11

> [Green] [was] observed by members of the Nether Providence Township Police Department conducting suspected drug dealing activity in the [REDACTED] when officers attempted to conduct a traffic stop of [Green's] vehicle[; Green] disregarded the officers and began to drive at a high rate of speed to evade arrest. [Green] ran a red light at the intersection of [REDACTED] and caused a multi-vehicle accident.

C.R. at 99. Green's original convictions were for PWID and a firearm offense. Further, the Board found him delinquent and committed him to a CCC/CCF for up to six months on his technical violations, which included failure to report and leaving the jurisdiction. "The Board, as the ultimate fact-finder, evaluates witness credibility, resolves conflicts in the evidence, and assigns evidentiary weight." *Flowers v. Pa. Bd. of Prob. & Parole*, 987 A.2d 1269, 1271 n.2 (Pa. Cmwlth. 2010). Although Green testified as to the reasons he moved to Chester and returned to crime, the Board was free to reject that testimony and/or give it whatever weight it believed it deserved. Accordingly, the Board's reasons and rationale for revocation are supported by the record evidence.

Green further contends that he is entitled to credit for the $1\frac{1}{2}$ years he was at liberty on parole in good standing pursuant to Section 6138(c)(2) of the Prisons and Parole Code (Parole Code). Green cites *Penjuke v. Pennsylvania Board of Probation & Parole*, 203 A.3d 401 (Pa. Cmwlth. 2019), *appeal denied*, 228 A.3d 254 (Pa. 2020), to support his position.

Section 6138(c)(2) of the Parole Code provided at that time:

> If the parolee is recommitted under this subsection, the parolee shall be given credit for the time served on parole in good standing but with no credit for delinquent time and may be reentered to serve the remainder of the original sentence or sentences.

*Former* 61 Pa.C.S. § 6138(c)(2) (emphasis added).

The *Penjuke* Court declared:

> [I]n recommitting [a parolee] as a CPV, the Board could not reach back, into **the past periods of parole** and also take away or revoke credit that was previously granted to [the parolee] as a TPV - credit which, . . . should have "already been applied to his original sentence." [*Young v. Pa. Bd. of Prob. & Parole*,] 189 A.3d [16,] 21 [(Pa. Cmwlth. 2018)].

*Penjuke*, 203 A.3d at 417 (emphasis added; quotation marks and citation omitted). Accordingly, the *Penjuke* Court held: "[T]he Board lacks the statutory authority to revoke street time[9] credit previously granted to a parolee as a TPV when it subsequently recommits the parolee as a CPV." *Id*. at 420. "Because the criminal conduct that led to [Green's] CPV recommitment occurred during the same parole period as the violation that led to his TPV recommitment, *Penjuke* does not control in this case." *Kazickas v. Pa. Bd. of Prob. & Parole*, 226 A.3d 109, 116 (Pa. Cmwlth. 2020).

Having conducted an independent review, and determined that Green's substantive arguments lack merit, this Court grants Counsel's Application and affirms the Board's order.

_____
ANNE E. COVEY, Judge

---

[9] Street time refers to the period of time a parolee spends at liberty on parole.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Bryant Green, | : | |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| Pennsylvania Parole Board, | : | No. 868 C.D. 2021 |
| Respondent | : | |

## O R D E R

AND NOW, this 21ˢᵗ day of April, 2022, Montgomery County Assistant Public Defender Dana E. Greenspan, Esquire's Application for Leave to Withdraw Appearance is GRANTED, and the Pennsylvania Parole Board's June 29, 2021 order is AFFIRMED.

_____
ANNE E. COVEY, Judge