# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| Shalamar Brown, | : | | |
| Petitioner | : | | |
| | : | | |
| v. | : | No. 793 C.D. 2023 | |
| | : | | |
| Pennsylvania Parole Board, | : | | |
| Respondent | : | Submitted: July 5, 2024 | |

BEFORE:  HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE CHRISTINE FIZZANO CANNON, Judge
HONORABLE MATTHEW S. WOLF, Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**JUDGE WOLF**                                **FILED:** October 9, 2024

Shalamar Brown (Brown) petitions for review of the final determination of the Pennsylvania Parole Board (Board) mailed July 7, 2023. The Board affirmed its prior decisions recorded November 23, 2022, and January 30, 2023, thereby denying Brown's request for administrative relief from those decisions. Brown's counsel, Kent D. Watkins, Esquire (Counsel), has filed an application to withdraw as counsel and accompanying no-merit letter[1] stating that

---

[1] In *Anders v. California*, 386 U.S. 738 (1967), the United States Supreme Court held that before a criminal defendant's counsel may withdraw from representing his client in an appeal, counsel must assert that the case is completely frivolous, as compared to presenting an absence of merit. 386 U.S. at 744. An appeal is completely or "wholly" frivolous when there are no factual or legal justifications that support the appeal. *Craig v. Pa. Bd. of Prob. & Parole*, 502 A.2d 758, 761 (Pa. Cmwlth. 1985). In seeking to withdraw, counsel must submit a petition to withdraw and a brief "referring to anything in the record that might arguably support the appeal." *Cmwlth. v. Baker*, 239 A.2d 201, 202 (Pa. 1968) (quoting *Anders*, 386 U.S. at 744). The Pennsylvania Supreme Court, however, has held that in matters that are collateral to an underlying criminal
**(Footnote continued on next page…)**

Brown's petition for review is meritless. For the following reasons, we grant Counsel's application to withdraw and affirm the Board's decision.

Brown has a lengthy conviction and parole history,[2] beginning with several consecutive sentences he received in 2011 (Original Sentence). C.R. at 1. The Board first granted Brown parole by action recorded June 22, 2016, and he was released on parole October 4, 2016, with a controlling maximum sentence date of June 4, 2023. *Id.* at 5-8. By action recorded May 15, 2017, the Board recommitted Brown as a convicted parole violator (CPV) to serve 9 months' backtime based on his 2017 conviction for forgery in Lycoming County, which carried a sentence of 6 months, 22 days to 2 years (Forgery Sentence). *Id.* at 15, 26. By action recorded November 29, 2018, the Board paroled Brown again, and he was released to a state detainer sentence (i.e., the Forgery Sentence) on December 21, 2018, with a controlling maximum date on the Original Sentence of December 30, 2023. *Id.* at 19-22. By action recorded September 5, 2019, the Board paroled Brown from the Forgery Sentence; he was released from custody on September 27, 2019, with a maximum date on the Forgery Sentence of September 29, 2020. *Id.* at 30-33.

On November 2, 2021, police arrested Brown and charged him with several counts of manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance (PWID), conspiracy, and criminal use of a communications facility, alleging the offenses occurred in June 2021. *Id.* at 77, 101.

proceeding, such as parole matters, counsel seeking to withdraw from his representation of a client may file a "no-merit" letter that includes information describing the extent and nature of counsel's review, listing the issues the client wants to raise, and informing the Court why counsel believes the issues have no merit. *Cmwlth. v. Turner*, 544 A.2d 927, 928-29 (Pa. 1988).

[2] The Certified Record (C.R.) illustrates Brown's parole history, but it also appears to include several Board decisions and documents pertaining to a different parolee, Jason Brian Freeman. *See* C.R. at 40-56, 59-62, 191-95. We note this to avoid confusion. We cite only those documents from the Certified Record which are relevant here.

That same day, the Board issued a warrant to commit and detain Brown. *Id.* at 57. Police soon charged Brown with counts of similar offenses at two additional criminal dockets, with the offenses alleged to have occurred in June and September 2021. *Id.* at 110-11, 118. The Board detained Brown pending all new charges. *Id.* at 58. Brown was held on the three sets of new charges in the Lycoming County Prison on $75,000 bail (reduced in February 2022 to $25,000), which he did not post. *Id.* at 100, 110, 117.

On October 17, 2022, Brown pleaded guilty to one count of PWID at each of the three dockets; the remaining charges were dismissed. *Id.* at 102, 111, 118. Brown waived his rights to a parole revocation hearing and counsel. *Id.* at 66-68. The Board prepared a hearing report revoking Brown's parole, which Board members signed on November 17, 2022. *Id.* at 133. By action recorded November 23, 2022, the Board recommitted Brown as a CPV to serve 18 months' backtime. *Id.* at 187. On December 19, 2022, Brown was sentenced to serve three concurrent sentences of 15-48 months for the new convictions. *Id.* at 179-80. By action recorded January 30, 2023, the Board recalculated Brown's maximum sentence date as March 23, 2027, and denied credit for a portion of Brown's time at liberty on parole due to Brown's parole supervision failures and ongoing drug and alcohol issues. *Id.* at 189.

On or about December 28, 2022, Brown filed a request for administrative relief with the Board, arguing that the 18 months of backtime exceeded the maximum sentence date then applicable to his Original Sentence. *Id.* at 196-98. On February 17 and 22, 2023, after the Board issued its January 30 determination recalculating Brown's maximum sentence date, the Board received two further communications from Brown incident to his request for administrative

3

relief. Brown argued that the Board miscalculated his new maximum sentence date and did not state in its decision whether it was giving Brown credit for street time. *Id.* at 199-203. In a decision mailed July 7, 2023, the Board addressed Brown's request and arguments and affirmed its determinations made November 23, 2022, and January 30, 2023. *Id.* at 207-09. The Board reasoned:

> [T]he Board recommitted Brown as a [CPV] to serve 18 months . . . for three counts of [PWID]. The presumptive range for that offense, as outlined in 37 Pa. Code § 75.2 is 18 to 24 months, each count. Adding those terms together provided the Board with an aggregate term of 18 to 72 months. Because the 18-month recommitment term falls within that range, it is not subject to challenge. *Smith v. Pa.* [*Bd. of Prob. &*] *Parole*, 57 4 A.2d 558 (Pa. 1990).
>
> The Board arrived at the new maximum date based on [Brown's] December 21, 2018 release date and the original maximum date on his [O]riginal [S]entence of December 30, 2023. This means that Brown owed 1,835 days on his [O]riginal [S]entence the day he was reparoled from the state correctional institution . . . . The Board's decision to recommit Brown as a CPV authorized the recalculation of his maximum date to reflect that he received no credit for the time spent at liberty on parole. 61 Pa. C.S. § 6138(a)(2). The Board in its discretion Brown [sic] partial credit for the time spent at liberty on parole in this case. Specifically, he was awarded credit for 280 days from December 21, 2018 (date of reparole) to September 27, 2019 (date of parole from [Forgery Sentence]). The Board denied Brown credit for the remaining period he was at liberty on parole for the reasons indicated. Thus, Brown was left with 1,835−280=1,555 days to serve on his [O]riginal [S]entence based on the recommitment.
>
> [O]n November 2, 2021, November 8, 2021, and December 22, 2021, Brown was arraigned on three sets of new criminal charges in Lycoming County, bail was set to

4

$75,000 monetary which he failed to post, and the Department of Corrections ("DOC") lodged its detainer against Brown the day of his first arrest . . . . The Board recommitted him, when available, in its November 23, 2022 decision. On December 19, 2022, Brown was sentenced in Lycoming County to serve a new term of confinement of 15 months to 48 months in a[ state correctional institution]. The Board's final recalculation decision followed.

[B]ecause Brown did not post bail on his new criminal charges, he is not entitled to any pre-sentence credit on his original sentence because he was not held solely on the DOC's warrant prior to sentencing. *Gaito v. Pa.* [*Bd. of Prob.*] *& Parole*, 412 A.2d 568[, 571] (Pa. 1980). Thus, Brown still owed 1,555 days on his original sentence. Because he was sentenced to state incarceration, . . . he must serve the original sentence first. 61 Pa. C.S. § 6138(a)(5). Considering Brown was already recommitted as a CPV in the Board's decision recorded on November 23, 2022, this means that he became available to commence service of his [O]riginal [S]entence on December 19, 2022, when he was sentenced in Lycoming County. Adding 1,555 days to December 19, 2022, yields a recalculated maximum date of March 23, 2027 . . . .

*Id.* Brown timely petitioned this Court for review.

We first address Counsel's application to withdraw. A parolee has a constitutional right to counsel only if the parolee claims either (1) he did not commit the alleged violation of parole or (2) he committed the violation but there are substantial mitigating factors that are "complex or otherwise difficult to develop or present." *Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 25-26 (Pa. Cmwlth. 2009) (en banc) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973)). Brown admits he committed the crimes for which he received a new criminal conviction, and the record suggests no reason to justify or mitigate the parole violation. Thus, Brown has only a statutory right to counsel under Section 6(a)(10) of the Public

Defender Act.[3]

When no constitutional right to counsel is involved in a parole case, an attorney seeking to withdraw may file a no-merit letter instead of an *Anders* brief. *Turner*, 544 A.2d at 928-29. To satisfy the procedural requirements of no-merit letters, counsel must: (1) notify the parolee that he has submitted to the Court a request to withdraw; (2) provide the parolee with a copy of counsel's no-merit letter; and (3) advise the parolee that he has the right to obtain new counsel and to submit to the Court a brief of his own, raising any arguments that he may believe are meritorious.[4] *Reavis v. Pa. Bd. of Prob. & Parole*, 909 A.2d 28, 33 (Pa. Cmwlth. 2006). This Court requires an attorney's no-merit letter to include the following information: (1) the nature and extent of counsel's review of the case; (2) the issues the parolee wants to raise; and (3) the analysis counsel used in concluding that the issues are meritless. *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009).

Counsel's no-merit letter contains an adequate summary of Brown's parole and conviction history, identifies the issues Brown wishes to raise on appeal, and provides an analysis of each issue. Counsel's no-merit letter thus meets the requirements of *Zerby* and we may proceed to determine whether Counsel is correct that the issues Brown raises have no merit.

First, regarding the 18-month recommitment term, "the amount of backtime imposed for parole violations is left to the exclusive discretion of the Board." *Krantz v. Pa. Bd. of Prob. & Parole*, 483 A.2d 1044, 1048 (Pa. Cmwlth. 1984). We will not interfere with the Board's discretion if the amount of backtime

---

[3] Act of December 2, 1968, P.L. 1144, *as amended*, 16 P.S. § 9960.6(a)(10).

[4] Counsel served Brown with the application to withdraw and no-merit letter. Counsel advised Brown of his right to retain counsel and to file a brief on his own behalf. Thus, Counsel has complied with these requirements.

imposed is within the applicable presumptive range. *Ward v. Pa. Bd. of Prob. & Parole*, 538 A.2d 971, 975 (Pa. Cmwlth. 1988); *see also* 37 Pa. Code §§ 75.1-.4 (presumptive ranges). "Where there are multiple offenses[,] the Board may treat each offense separately and [may] aggregate the presumptive ranges." *Ward*, 538 A.2d at 975. Here, the three convictions for which Brown was recommitted—for PWID of cocaine—each carry a presumptive range of 18-24 months. 37 Pa. Code § 75.2; *see also* C.R. at 126 (indicating felony PWID convictions for crack cocaine); Section 13(a)(30) and (f)(1.1) of The Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. § 780-113(a)(30), (f)(1.1) (providing statutory maximum of 10 years). Aggregating these, the Board could have recommitted Brown to serve up to 72 months' backtime. The 18 months of backtime the Board imposed is within that presumptive range and was not an abuse of discretion.

Second, the Board has discretion, under most circumstances, to award or withhold credit for time spent at liberty on parole. 61 Pa. C.S. § 6138(a).[5] When withholding credit, the Board need only "provide a contemporaneous statement explaining its reason." *Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466, 475 (Pa. 2017). In this case, the Board granted Brown partial credit for street time from December 21, 2018 (the date of parole from the Original Sentence) to September 27, 2019 (the date of release on parole from the Forgery Sentence). And the Board explained that it denied Brown credit for the remainder of his street time due to Brown's ongoing parole supervision failures and drug and alcohol issues. C.R.

---

[5] It provides, in part, that "the [B]oard may, in its discretion, award credit to an offender . . . for the time spent at liberty on parole, unless" the parolee's recommitment is due to a crime of violence or a crime requiring registration as a sexual offender, or a federal removal order is involved. 61 Pa. C.S. § 6138(a)(2.1) (emphasis added).

at 189. The Board satisfied our Supreme Court's decision in *Pittman* and did not abuse its discretion in partially denying Brown credit for time at liberty on parole.

Finally, and given our analysis of the first two issues, we conclude the Board did not err in recalculating Brown's maximum sentence date as March 23, 2027. When Brown was paroled from the Original Sentence to the Forgery Sentence on December 21, 2018, his Original Sentence had 1,835 days remaining (the time from his parole to his maximum date, which was then December 30, 2023). Upon recommitment, the Board credited Brown with 280 days of street time, which reduced the time left on his Original Sentence to 1,555 days (1,835−280=1,555). Brown became available to recommence serving his Original Sentence on December 19, 2022, when he was sentenced on the new convictions in Lycoming County. 61 Pa. C.S. § 6138(a)(5) (requiring service of Original Sentence first). Time spent in custody awaiting the new sentence must be credited to the new sentence, instead of the Original Sentence, because that pre-sentence detention was due to Brown's failure to post bail and was thus not based solely on the Board's detainer. *See Gaito*, 412 A.2d at 571. Adding 1,555 days to December 19, 2022, yields a maximum date of March 23, 2027. Thus, the Board did not err in recalculating Brown's maximum sentence date, nor did it deny him credit to which he was entitled.

For these reasons, we agree with Counsel that Brown's petition for review lacks merit. We therefore grant Counsel's application to withdraw as counsel and affirm the order of the Board denying Brown's administrative appeal.

_____
MATTHEW S. WOLF, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shalamar Brown,                  :
                      Petitioner        :
                                     :
         v.                          :    No. 793 C.D. 2023
                                     :
Pennsylvania Parole Board,     :
                      Respondent     :

# **O R D E R**

AND NOW, October 9, 2024, the application to withdraw as counsel filed by Kent D. Watkins, Esquire, is GRANTED, and the final determination of the Pennsylvania Parole Board mailed July 7, 2023, is AFFIRMED.

_____
MATTHEW S. WOLF, Judge