# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Rushard Lamar Townsend, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 41 C.D. 2024 |
| | : | |
| Pennsylvania Parole Board, | : | |
| Respondent | : | Submitted: February 4, 2025 |

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
HONORABLE STACY WALLACE, Judge (P.)
HONORABLE MATTHEW S. WOLF, Judge

## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF                                                                    FILED:  March 12, 2025

Rushard Lamar Townsend (Townsend) petitions this Court to review a decision of the Pennsylvania Parole Board (Board) mailed January 3, 2024. The Board affirmed its prior decision recorded August 15, 2023, thereby denying Townsend's request for administrative relief from that decision. Townsend's counsel, Kent D. Watkins, Esquire (Counsel), has filed an application to withdraw as counsel and accompanying no-merit letter[1] stating that Townsend's petition for

---

[1] In *Anders v. California*, 386 U.S. 738 (1967), the United States Supreme Court held that before a criminal defendant's counsel may withdraw from representing his client in an appeal, counsel must assert that the case is completely frivolous, as compared to presenting an absence of merit.  386 U.S. at 744. An appeal is completely or "wholly" frivolous when there are no factual or legal justifications that support the appeal.  *Craig v. Pa. Bd. of Prob. & Parole*, 502 A.2d 758, 761 (Pa. Cmwlth. 1985). In seeking to withdraw, counsel must submit a petition to withdraw and a brief "referring to anything in the record that might arguably support the appeal." *Com. v. Baker*, 239 A.2d 201, 202 (Pa. 1968) (quoting *Anders*, 386 U.S. at 744). The Pennsylvania Supreme
**(Footnote continued on next page…)**

review is meritless. For the reasons that follow, we grant Counsel's application to withdraw and affirm the Board's decision.

## I. Background

A brief summary of relevant facts is as follows. Townsend was sentenced on April 17, 2007, to 8 to 20 years in a state correctional facility for drug manufacture, delivery, or possession with intent to deliver (PWID). *See* Certified Record (C.R.) at 1. Townsend's term of incarceration had a controlling minimum date of December 12, 2016, and a controlling maximum date of December 12, 2028. *Id.* Townsend was also sentenced to a concurrent term of incarceration of 5 to 10 years for a person not to possess firearms charge (together with the 8- to 10-year PWID sentence, these are referred to as the Original Sentence). *Id.* He was released on parole on his controlling minimum date, December 12, 2016. *Id.* at 6.

Pursuant to two positive drug tests in February 2019, parole agents searched Townsend's home and uncovered significant amounts of cash as well as purported drug paraphernalia and controlled substances. C.R. at 48. As a result, Townsend was arrested on new drug charges by the Harrisburg Police Department. *Id.* A warrant to commit and detain was issued March 1, 2019, due to the technical violation (namely, failure to follow laws). *Id.* at 18. A second warrant to commit and detain Townsend was issued pending the disposition of new charges in Dauphin County on April 11, 2019. *Id.* at 19. He was recommitted for a period of six months for failure to obey laws while on parole, a technical violation. On June 11, 2019, the Board ordered that Townsend be reparoled on the Original Sentence, effective

Court, however, has held that in matters that are collateral to an underlying criminal proceeding, such as parole matters, counsel seeking to withdraw from his representation of a client may file a "no-merit" letter that includes information describing the extent and nature of counsel's review, listing the issues the client wants to raise, and informing the Court why counsel believes the issues have no merit. *Com. v. Turner*, 544 A.2d 927, 928-29 (Pa. 1988).

September 1, 2019. *Id.* at 20-22. Townsend was reparoled on the Original Sentence on September 1, 2019, having served a six-month recommitment for the technical violation. The underlying charges were resolved by plea to a paraphernalia charge and a sentence of costs and fines. *Id.* at 50.

Townsend was stopped by the Harrisburg Police Department for a traffic violation on October 20, 2021, which resulted in a search warrant being issued for his vehicle due to a positive K-9 "hit" (indicating olfactory detection of a controlled substance) on same. C.R. at 50. A parole enforcement action was carried out at Townsend's residence the following day, October 21, due to an earlier admission by Townsend that he had consumed alcohol a few nights prior. *Id.* While searching his residence, parole agents found numerous bottles of alcohol and purported drug paraphernalia. *Id.* On the same day, Harrisburg police searched Townsend's car, which had been seized the day prior, incident to the search warrant. *Id.* This search uncovered additional purported drug paraphernalia and controlled substances. *Id.* A warrant to commit and detain pursuant to these violations was issued on October 21, 2021, and the Board issued a decision to detain pending the resolution of the charges on January 13, 2022. *Id.* at 34-35, 38. Townsend was detained on this warrant until the underlying charges were *nolle prossed* on October 3, 2022. *Id.* at 51.

On January 9, 2023, Townsend was again arrested by the Harrisburg Police Department for new drug charges. C.R. at 51. A warrant to commit and detain was issued the same day pending resolution of such charges. *Id.* at 39-40. On July 5, 2023, Townsend pleaded guilty to intentional possession of a controlled substance and possession of drug paraphernalia and sentenced to a term of six months' probation on each charge, to be served concurrently. *Id.* at 51. Townsend

3

waived his rights to a parole revocation hearing and counsel and admitted to the new convictions. *Id.* at 44-45. The Board prepared a hearing report revoking Townsend's parole, which Board members signed on August 14, 2023. *Id.* at 74. By action recorded August 15, 2023, the Board recommitted Townsend as a convicted parole violator (CPV) to serve 12 months' backtime and granted him partial credit for time spent at liberty on parole. *Id.* at 82-83.

When assessing Townsend's credit time, the Board awarded 780 days of credit for the period he spent outside detention from September 1, 2019, to October 20, 2021. C.R. at 80-81, 89-91. He was awarded 347 days of credit for his period detained from his October 21, 2021 arrest and October 3, 2022 release and 177 days of credit for his detention from January 9, 2023, to July 5, 2023. *Id.* Townsend was not awarded credit for his period at liberty between October 3, 2022, and January 9, 2023. *Id.* Townsend's new maximum date was calculated to be March 21, 2029. *Id.*

On August 24, 2023,[2] Townsend filed a request for administrative relief with the Board contesting the calculation of his credit for time spent at liberty on parole and his new maximum date. C.R. at 84. In a decision mailed January 3, 2024, the Board addressed Townsend's arguments and affirmed its determination recorded August 15, 2023. The Board reasoned:

> The Board reparoled Mr. Townsend from a state correctional institution ("SCI") on September 1, 2019 with a maximum date of December 12, 2028 on his original sentence. This means he was left with 3390 days to serve on his original sentence the day he was released. The Board's decision to recommit him as a convicted parole

---

[2] Townsend's request for administrative relief was received by the Board on August 30, 2023. C.R. at 84.

violator "CPV" authorized the recalculation of his maximum date to reflect that he received no credit for the time spent at liberty on parole. 61 Pa. C.S. § 6138(a)(2). In this case, the Board awarded partial credit for the time spent at liberty on parole from September 1, 2019 to October 20, 2021 (780 days). Thus, he owed 3390 - 780 = 2610 days on his original sentence based on the recommitment.

The record reveals that on January 9, 2023, Mr. Townsend was arrested for new criminal charges by local authorities in Dauphin County, bail was set to $25,000 monetary which he failed to post, and the Department of Corrections ("DOC") lodged its detainer that same day. On July 5, 2023, he was sentenced in the Dauphin County Court of Common Pleas (docket CP-672-2023) to 6 months probation for convictions of Intentional Possession of a Controlled Substances (M) and Use/Possession of Drug Paraphernalia (M).

Because Mr. Townsend was sentenced to probation, he is entitled to credit for 177 days on his original sentence from January 9, 2023 (arrest date) to July 5, 2023 (sentencing date). Mr. Townsend is also entitled to confinement credit from October 21, 2021 to October 3, 2022 (347 days) after he was detained on a DOC warrant for criminal charges that were nolle prossed. Thus, he was left with 2610 - 177 - 347 = 2086 days to serve on his original sentence. Adding 2086 days to July 5, 2023[] (sentencing date) yields a recalculated maximum date of March 21, 2029.

C.R. at 89-90. The Board also addressed the fact that Townsend's 12-month recommitment reflects a proper aggregation of the presumptive 3- to 6-month recommitment range for each of the two charges for which Townsend was recommitted.

Townsend petitioned this Court for review.

5

## II. Discussion

We first address Counsel's application to withdraw. A parolee has a constitutional right to counsel only if the parolee claims either (1) he did not commit the alleged violation of parole or (2) he committed the violation but there are substantial mitigating factors that are "complex or otherwise difficult to develop or present." *Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 25-26 (Pa. Cmwlth. 2009) (*en banc*) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973)). Townsend admitted that he committed the crimes for which he received a new criminal conviction when pleading to such offenses, and the record suggests no reason to justify or mitigate the parole violation. Thus, Townsend has only a statutory right to counsel under Section 6(a)(10) of the Public Defender Act.[3]

When no constitutional right to counsel is involved in a parole case, an attorney seeking to withdraw may file a no-merit[4] letter instead of an *Anders* brief. *Turner*, 544 A.2d at 928-29. To satisfy the procedural requirements of no-merit letters, counsel must: (1) notify the parolee that he has submitted to the Court a request to withdraw; (2) provide the parolee with a copy of counsel's no-merit letter; and (3) advise the parolee that he has the right to obtain new counsel and to submit to the Court a brief of his own, raising any arguments that he may believe are meritorious. *Reavis v. Pa. Bd. of Prob. & Parole*, 909 A.2d 28, 33 (Pa. Cmwlth. 2006). This Court requires an attorney's no-merit letter to include the following information: (1) the nature and extent of counsel's review of the case; (2) the issues the parolee wants to raise; and (3) the analysis counsel used in concluding that the issues are meritless. *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009).

---

[3] Act of December 2, 1968, P.L. 1144, *as amended*, 16 P.S. § 9960.6.

[4] Commonly referred to as a *Turner* or *Turner/Finley* letter. *Com. v. Finley*, 550 A.2d 213 (Pa. Super. 1988)

Counsel's no-merit letter contains an adequate summary of Townsend's conviction and significant parole history, identifies the issues Townsend wishes to raise on appeal, and provides an analysis of each issue.[5] Counsel's no-merit letter thus meets the requirements of *Zerby*, and we may proceed to determine whether Counsel is correct that the issues Townsend raises have no merit.

A. *Townsend's 12-month recommitment term was proper*

First, regarding the 12-month recommitment term, "the amount of backtime imposed for parole violations is left to the exclusive discretion of the Board." *Krantz v. Pa. Bd. of Prob. & Parole*, 483 A.2d 1044, 1048 (Pa. Cmwlth. 1984). This Court will not interfere with the Board's discretion if the amount of backtime imposed is within the applicable presumptive range. *Ward v. Pa. Bd. of Prob. & Parole*, 538 A.2d 971, 975 (Pa. Cmwlth. 1988); *see also* 37 Pa. Code §§ 75.1-.4 (presumptive ranges). "Where there are multiple offenses[,] the Board may treat each offense separately and [may] aggregate the presumptive ranges." *Ward*, 538 A.2d at 975. Here, the two convictions for which Townsend was recommitted—possession of drug paraphernalia and intentional possession of a controlled substance, both misdemeanors—each carry a presumptive range of 3 to 6 months. 37 Pa. Code § 75.2. Aggregating these, the Board could have recommitted Townsend to serve up to 12 months' backtime. Therefore, the 12 months of backtime the Board imposed is within that presumptive range and was not an abuse of discretion.

B. *Townsend's credit time assessment was proper*

Second, the credit time assessed to Townsend in this case was proper and reflects credit for all time spent detained pursuant to a Board warrant or

---

[5] We note that while the Petition for Review does not clearly challenge Townsend's 12-month recommitment, we read the underlying request for relief from the Board to do so.

incarcerated. This includes 347 days of credit for his detention from October 21, 2021, to October 3, 2022, and 177 days of credit for his detention from January 9, 2023, to July 5, 2023. Unlike time spent detained or incarcerated pursuant to Board warrants, the Board has discretion, under most circumstances, to award or withhold credit for time spent at liberty on parole. 61 Pa. C.S. § 6138(a). When withholding credit, the Board need only "provide a contemporaneous statement explaining its reason." *Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466, 475 (Pa. 2017). In this case, the Board granted Townsend partial credit for street time from September 1, 2019, to October 20, 2021, a total of 780 days. However, the Board did not award credit for his street time from October 3, 2022, to January 9, 2023. The Board explained its decision not to award credit for that time due to Townsend's conviction for crimes similar to his original offense, as well as his history of supervision failures while on parole. Thus, the Board satisfied our Supreme Court's decision in *Pittman* and did not abuse its discretion in partially denying Townsend credit for time at liberty on parole.

For these reasons, we agree with Counsel that Townsend's petition for review lacks merit. We therefore grant Counsel's application to withdraw as counsel and affirm the order of the Board denying Townsend's request for administrative relief.

_____
MATTHEW S. WOLF, Judge

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rushard Lamar Townsend,      :
             Petitioner      :
                             :
      v.                 :     No. 41 C.D. 2024
                             :
Pennsylvania Parole Board,      :
             Respondent      :

# **O R D E R**

AND NOW, this 12th day of March 2025, the application to withdraw as counsel filed by Kent D. Watkins, Esquire, is GRANTED, and the final determination of the Pennsylvania Parole Board mailed January 3, 2024, is AFFIRMED.

_____
MATTHEW S. WOLF, Judge